**LIANWANG FENG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 12–71959.**

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provid-

Submitted Oct. 14, 2014.*

Filed Oct. 20, 2014.

Maria Christina Flores, Law Office of Maria Flores, San Gabriel, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, John M. McAdams, Jr., U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, GOULD, and BERZON, Circuit Judges.

## MEMORANDUM **

Lianwang Feng, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir.2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies within Feng's testimony and between his testimony and other record evidence regarding his alleged mistreatment by police, and his wife's residence in China after the Chinese

ed by 9th Cir. R. 36–3.

government's alleged taking of their property. *See id.* at 1045–48 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances" standard). The agency reasonably rejected Feng's explanations for the inconsistencies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir.2007). In the absence of credible testimony, Feng's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, because Feng's CAT claim is based on the same testimony found to be not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to China, his CAT claim also fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

